IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| BRIAN J. KELLER, | ) | |
| TAMMY R. KELLER, | ) | Bankruptcy No. 07-01516 |
| | ) | |
| Debtors. | ) | |

**ORDER RE: REQUEST TO USE FUNDS FOR
REASONABLE AND NECESSARY EXPENSES**

This matter came before the undersigned on May 1, 2012 for hearing on Debtors' Request to Use Funds. Debtors Brian and Tammy Keller appeared with Attorney Janet Hong. Carol Dunbar appeared as Chapter 13 Trustee. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtors seek Court approval to use a bonus check of $8,630.34 to replace their defective roof with a metal roof estimated to cost $9,320. Trustee filed an objection. She states Debtors did not attach the estimate, or explain the defect in the current roof or the urgency of replacing the roof. Debtors' 60-month confirmed plan will be complete in August. Debtors were allowed to use $10,000 from a previous bonus to repair or replace an LP tank and a furnace. Unsecured creditors will receive approximately 25.88% of their claims under the plan if the request is approved.

At the hearing, Debtors presented several exhibits. Mr. Keller explained that the asphalt shingles on the roof were defective and causing leaks. He decided to

replace it with metal roofing. Exhibit B includes two estimates for a metal roof of $15,400 and $9,320, respectively. Mr. Keller testified he wanted to accept the lower of the two estimates. The Court suggested that Debtors request estimates to replace the asphalt roof with another asphalt roof, rather than metal. Debtors filed a Supplement to their Request to Use Funds on May 18, 2012, including an estimate totaling $6,460. Of that amount, $1,710 is listed for "Reaheat is included for entire house in this estimate." This additional cost is not further explained in the record. The remainder, $4,750, is for "removal of old roof system Install new roof system" with itemization of materials and services. Thus, the asphalt roof cost of $4,750 is approximately one-half of the $9,320 cost of the metal roof Debtors desire.

## CONCLUSIONS OF LAW

This Court has previously considered whether Chapter 13 debtors should be allowed to retain postpetition income to pay postpetition expenses. Various factors assist in the determination.

> These factors include (1) whether the expenses are necessary and the amounts reasonable; (2) whether the expenses fall within the expense categories in Schedule J; (3) whether the particular expense was foreseeable within the category; and (4) whether there is sufficient money within the category to pay the expense. A court may also consider "the amount of the debtor's [disposable income], . . . the debtor's yearly income and expenses, the debtor's overall budget, the number and nature of the debtor's dependents, the amount being paid into the debtor's plan, the dividend being paid to unsecured creditors, and the length of the debtor's plan."

In re Lynch, 415, B.R. 712, 713-14 (Bankr. N.D. Iowa 2009) (citations omitted); In re Lynch, No, 09-01894, 2011 WL 1060978, at *1 (Bankr. N.D. Iowa Mar. 22, 2011).

2

## ANALYSIS

In this case, Debtors seek to replace a defective asphalt roof with a more expensive metal roof. They designated $225 per month in Schedule J for home maintenance expense. Exhibit A shows that in 2010 and 2011 Debtors purchased a new TV, refrigerator, snow blower, washer and dryer, entry door and locks, four windows, and dishwasher. They also replaced their garage roof with steel. In total, Debtors itemize approximately $4,200 for each of those years for the cost of these purchases and various repairs, and anticipate the need to replace their water heater at a cost of $1,000 this year. Trustee also discloses Debtors used a previous bonus in the amount of $10,000 to repair or replace an LP tank and furnace.

Debtors' current income is not evident in the record. The Court notes, however, that Schedule J filed with the Chapter 13 petition on August 20, 2007 shows Debtors had gross income of $8,610 per month, or over $100,000 per year. According to Trustee's most recent status report, Debtors' Chapter 13 plan will be complete in August 2012 with $490 monthly payments plus disposable income totaling $42,771.95 over five years. Allowed unsecured, priority and administrative claims total approximately $138,000. At the hearing, Trustee testified that unsecured creditors will receive approximately 25.8% of their claims if Debtors are allowed to keep the bonus to pay for their new roof. The Court calculates that this dividend to unsecured creditors would increase to 32% if the bonus is paid into the plan for distribution to creditors.

In these circumstances, the Court concludes Debtors' new roof is not a reasonable and necessary expense to be paid from Debtors' $9,320 bonus which is acknowledged to be disposable income. Debtors have only a few more months to make payments in their five-year plan. They have been paying $490 per month out

3

of their ample income and could still afford to make multiple purchases for home maintenance over the life of the plan. They prefer to replace their defective asphalt roof with a metal roof, although it appears to cost twice as much. The Court concludes that the entire bonus should be paid into the Chapter 13 plan for the benefit of creditors.

**WHEREFORE**, the Request to Use Funds for Reasonable and Necessary Expenses is DENIED.

Dated and Entered: May 25, 2012

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE